**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DARNELL KEEL and MERRITT GENTRY,**<br><br>      Plaintiff,<br><br>  v.<br><br>**VILLAGE OF HARVEY, ERIC KELLOGG, SANDRA ALVARADO, and STEVEN PORTER,**<br><br>      Defendants. | Case No. 10 C 6467<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

On April 16, 2007, Plaintiffs Darnell Keel and Merritt Gentry (collectively, the "Plaintiffs") filed suit against Defendants City of Harvey, Eric Kellogg, Sandra Alvarado, and Steven Porter (collectively, the "Defendants") in the Circuit Court of Cook County, Illinois. After some procedural developments, Plaintiffs' Sixth Amended Complaint is before this Court and alleges that Defendants deprived Plaintiffs of employment benefits and promotional opportunities without due process. Defendants move to dismiss the Complaint with prejudice.

### I. BACKGROUND

#### A. Facts

The Sixth Amended Complaint states the following facts. Darnell Keel ("Keel") and Merritt Gentry ("Gentry") were granted full time civil service status as police officers with the City of

Harvey in September 2004 and December 2004, respectively. Despite attaining this status, Keel and Gentry were denied full membership in the Harvey Police Department pension plan.

In April 2006, defendant Eric Kellogg ("Kellogg")(as Mayor of the City of Harvey) and Deputy Police Chief Eaves ("Eaves") informed Gentry that he was being placed on indefinite administrative leave. Gentry received pay while on leave but was denied benefits such as membership in the pension plan. Similarly, in September 2006, Defendant Kellogg, Police Chief Joshua ("Joshua"), and Defendant Porter ("Porter") (as a Police Commander) informed Keel that he was being placed on indefinite administrative leave with pay but without certain benefits. Keel and Gentry both complain that, while on leave, their requests to sit for the Sergeant's Exam were denied. Keel additionally argues that he did not receive the pay raise or retroactive pay that his peers did while he was on leave.

Keel and Gentry were not informed of the reason they were being placed on administrative leave. Each repeatedly requested an explanation of why they were placed on leave and demanded an opportunity to be heard on the issue before the Civil Service Commission. Neither Keel nor Gentry received a hearing regarding their leave. Superiors occasionally told them not to worry and that they would soon be allowed to return to regular work.

Gentry was notified that he would be suspended from duty without pay in May 2007 based on certain charges against him. Gentry chose to resign as a police officer in July. Keel returned to regular duty in November 2009 and is currently a serving member of the Harvey Police Department.

### B. Procedure

Keel and Gentry filed this action in state court in April 2007. After Plaintiffs filed their Fifth Amended Complaint, Defendants removed the case to this Court and filed a Motion to Dismiss. The Motion to Dismiss was granted on January 21, 2010 based in part on Plaintiffs' failure to demonstrate why Illinois state courts did not offer an adequate remedy. *See Keel v. City of Harvey*, No. 09 C 6254, 2010 U.S. Dist. LEXIS 4687 (N.D.Ill. Jan. 21, 2010). The case was then remanded as no federal claim was pending. In state court, Plaintiffs filed the instant Sixth Amended Complaint. Defendants allege that it differs from the Fifth Amended Complaint only in that it includes the following new allegations:

> Keel/Gentry] requested numerous times for an opportunity to be heard by the Civil Service Commission, but his requests were continuously denied.
>
> [Keel/Gentry] was never given the opportunity to exhaust his administrative remedies before the Civil Service Commission despite his repeated requests to do so.

Plaintiffs have not disputed this characterization of the Sixth Amended Complaint.

- 3 -

The instant Complaint is filed pursuant to 42 U.S.C. § 1983 and claims that Defendants deprived Plaintiffs of their property interest in employment with the City of Harvey in violation of the Due Process Clause. Defendants now move to dismiss this Complaint. Defendants argue that Plaintiffs' constitutional claims fail because state remedies provide due process. Plaintiffs' other claims require a constitutional violation, so Defendants argue that these fail when the constitutional claims fail.

## II. **LEGAL STANDARD**

A motion to dismiss should be granted if the complaint fails to satisfy Rule 8's pleading requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. **ANALYSIS**

The present claims concern a procedural due process violation, which occurs when an employee (1) with a constitutionally protected property right in employment (2) is deprived of this right (3) without due process. *Casna v. City of Loves Park*, 574 F.3d 420, 424-26 (7th Cir. 2009). State law defines the property right and

federal law defines the process that is due. *Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007).

### A. Property Right

A property right in employment exists if an employee had a legitimate expectation of continued employment based on specific statutory or contractual language limiting the employer's discretion to discharge employees. *Casna*, 574 F.3d at 424. Plaintiffs base their property right on 65 Ill. Comp. Stat. 5/10-1-18:

> No officer or employee of a police or fire department in the classified civil service of any municipality having 500,000 or fewer inhabitants who is appointed under the rules and after examination, may be removed or discharged, or suspended for a period of more than 5 calendar days, except for cause upon written charges and after an opportunity to be heard in his own defense.

The City of Harvey is a municipality with less than 500,000 inhabitants, so Plaintiffs maintain that this provision limits the discretion of the City in discharging employees. Defendants' briefs assume, *arguendo*, that Plaintiffs have established a protected property interest.

### B. Deprived of Property Right

Plaintiffs must demonstrate that they were deprived of a property right. Plaintiffs were both placed on administrative leave with pay, but "a suspension with pay [does] not constitute the deprivation of a property right subject to federal constitutional protections." *Townsend v. Vallas*, 256 F.3d 661, 676

(7th Cir. 2001). A plaintiff may still demonstrate a deprivation of a property right if a suspension with pay extinguishes a property interest "in a particular aspect of employment," *Luellen v. City of E. Chi.*, 350 F.3d 604, 613 (7th Cir. 2003), or "imposes a substantial indirect economic effect on the plaintiff," *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010).

Plaintiffs allege that suspension excluded them from pension benefits, unused sick pay, promotional opportunities, a pay raise, and retroactive pay. In its prior ruling, this Court found these allegations of pecuniary loss sufficient to demonstrate a deprivation of a property right. *Keel*, 2010 U.S. Dist. LEXIS 4687, at *5. There has been no change in the facts, so the ruling that a deprivation of property occurred will stand.

### C. Due Process

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Plaintiffs' allegations demonstrate that the deprivations in this case were "unauthorized and random," as Defendants suspended them without giving the explanation specifically required by 65 Ill. Comp. Stat. 5/10-1-18. An action taken in violation of state law is unauthorized. *See Germano v. Winnebago County*, 403 F.3d 926, 929 (7th Cir. 2005). Plaintiffs appear to concede that their suspensions were the result of unauthorized conduct, as their brief argues that a deprivation caused by random and unauthorized acts still violates due process if there is no post-deprivation remedy.

Defendants argue that Plaintiffs' § 1983 claim fails because there were adequate post-deprivation remedies under state law. "Where state law remedies exist, a plaintiff must either avail herself of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). There is no requirement that a plaintiff exhaust state remedies, but "this does not change the fact that no due process violation has occurred when adequate state remedies exist." *Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003). In its January 21, 2010 ruling, this Court dismissed the prior complaint because Plaintiffs failed to avail themselves of state remedies or demonstrate why the remedies were inadequate. Plaintiffs amended their complaint by adding the allegations that they repeatedly requested a hearing in

front of the Civil Service Commission, but were denied such a hearing. Defendants argue that these allegations do not change the analysis as judicial remedies were available. Defendants claim that Plaintiffs should have filed, in state court, (1) a mandamus action to force Defendants to take corrective action or (2) a breach of contract claim for their benefits.

Plaintiffs' claims are based on Illinois statute, but Plaintiffs fail to explain how Illinois state courts are unable to provide a remedy. If Defendants are acting contrary to Illinois law, as Plaintiffs allege, then Illinois courts may hear the case and order compliance with the law through a mandamus action. *See Parisi v. Vill. of Deerfield*, No. 08 C 527, 2008 U.S. Dist. LEXIS 52898, at *5-8 (N.D. Ill. July 9, 2008); *Anderson v. Bd. of Educ.*, No. 03 C 7871, 2004 U.S. Dist. LEXIS 9267, at *11-12 (N.D. Ill. May 20, 2004).

Plaintiffs did not avail themselves of this post-deprivation remedy, but instead maintain that such an action would not have provided adequate relief. In particular, Plaintiffs allege that a successful mandamus action would only have provided a hearing in front of the Commission which would not have undone the actions already taken by Defendants or the pecuniary losses. Contrary to Plaintiffs' argument, an order from a state court which required an explanation and a hearing in front of the Commission would have granted due process to Plaintiffs, as it would provide an

"opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quotation and citation omitted). A state remedy may be adequate even if it does not provide all the relief available under § 1983, as long as it still satisfies the requirements of due process. *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 329-332 (1986). Defendants have not articulated how such a hearing fails to satisfy the requirements of due process simply because it would occur later in time due to an intervening mandamus action.

Although the state remedies do not have to be equivalent to a § 1983 remedy, it is not clear that they are as weak as Plaintiffs complain. If Illinois law grants Plaintiffs a right to take the Sergeant's Exam under 65 Ill. Comp. Stat. 5/10-2.1-6, Plaintiffs could pursue vindication of this right in state court. As to the pension claims, Defendants point out that, in Illinois, a public employee can sue for a breach of contract based on a denial of pension membership. *See Cote v. Vill. of Broadview*, No. 08 C 6615, 2009 U.S. Dist. LEXIS 70213, at *10-12 (N.D. Ill. Aug. 11, 2009). This right is based on the Illinois Constitution, which provides that pension membership "shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." *People ex rel. Sklodowski v. State*, 695 N.E.2d 374, 377 (Ill. 1998). These state court remedies address Plaintiffs'

employment, promotion, and pension disputes, but Plaintiffs have not availed themselves of these remedies or sufficiently plead why they are inadequate. This Court dismissed Plaintiffs' prior complaint for failing to offer a reason why Illinois state courts cannot grant an adequate hearing on their claims. Plaintiffs' revised allegations that the Civil Service Commission ignored their requests for a hearing are insufficient to address this shortcoming related to Illinois courts.

Plaintiffs also argue that the instant action was their attempt at a state remedy as it was filed in state court, but Defendants removed it to federal court. Plaintiffs may have filed this action in state court, but they claim a violation of the Due Process Clause brought pursuant to § 1983. Plaintiffs confuse the forum with the law: regardless of where it is filed, this federal due process claim requires Plaintiffs to demonstrate the inadequacy of state remedies.

The adequate post-deprivation remedies in this case mean that Plaintiffs have failed to state a claim to relief under the Due Process Clause, so the motion to dismiss is granted as to these claims.

In Counts V and VI, Plaintiffs claim that Defendants conspired to violate their constitutional rights. Such claims require an underlying constitutional violation. *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). However, as discussed above, Plaintiffs'

due process claims fail. Without a predicate constitutional violation, Plaintiffs' conspiracy claims also fail and are dismissed.

Plaintiffs have had two tries to create a cognizable § 1983 claim. This Court has found both attempts invalid based on Plaintiffs' failure to plead sufficiently the inadequacy of state remedies. Based on these facts, Plaintiffs' § 1983 claims are dismissed with prejudice.

Defendants' motion only concerned the federal claims pending in this case. These federal claims are dismissed, and this Court will not exercise supplemental jurisdiction over the remaining state law claims.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is granted. Plaintiffs' § 1983 claims, and the conspiracy claims based on a violation of the Due Process Clause, are dismissed with prejudice. State law claims remain so the case is remanded back to the Circuit Court of Cook County, Illinois.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　United States District Court

Date: 1/25/2011